## (May 25, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE BROWN, Appellant.— This case is remitted to the court below, particularly to the Judge before whom the case was tried, if available (*People* v. *Huntley*, 15 N Y 2d 72; *People* v. *Taylor*, 22 A D 2d 524) to determine the voluntariness of defendant's confession. Accordingly, the determination of this appeal will be held in abeyance until the court below has made its findings. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ DAVID B. FINDLAY, INC., et al., Respondents, v. WALSTEIN C. FINDLAY, JR., et al., Appellants.— Judgment unanimously affirmed, with $50 costs to respondents, on the opinion of Mr. Justice NUNEZ. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEROY JEFFREY, Respondent.— Appeal from order entered July 17, 1964 on a verdict of acquittal by direction of court, unanimously dismissed as nonappealable. Even assuming that the People are appealing from an order dismissing the indictment, as is stated in the notice of appeal dated July 17, 1964, an appeal does not lie from the dismissal of an indictment predicated on a finding of insufficiency of the evidence. (*Matter of Kraemer* v. *County Court of Suffolk County*, 6 N Y 2d 363; Code Crim. Pro., § 518, subds. 3, 5.) Furthermore, if it be assumed the appeal is from a determination that the confession was involuntary, subdivision 6 of section 518 and sections 518-a and 813-c of the Code of Criminal Procedure make no provision for such an appeal. Said sections deal exclusively with the return of property or the suppression of evidence; they have no application to an order determining a confession to be involuntary, made prior to or during the trial. There is now pending before the [1965] Legislature a proposed amendment to section 518 authorizing an appeal by the People from an order determining a confession to be involuntary or otherwise inadmissible against a defendant when the order is made prior to trial (Print. 5706, Intro. 5428, in Assembly). Also before the Legislature are Intro. S. 2750, Print. S. 2891 and Intro. A. 4752, Print. A. 4875 (Senate and Assembly) providing for determination of a motion before trial to suppress a confession and an appeal by the People from an order granting such relief. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ MELVIN R. RIESER, Appellant, v. WAH CHANG CORPORATION et al., Respondents.— Order and judgment dismissing the complaint and denying plaintiff's cross motion for partial summary judgment and other relief, unanimously affirmed, with $50 costs to respondents, on the ground that the allegations of the complaint have not been sustained by affidavit or other proof. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE MORAN, Appellant.— Order, entered on June 19, 1964, denying petitioner's application for a writ of error *coram nobis*, unanimously affirmed, on the ground that the averments fail to raise an issue as to insanity at the time of plea. (See *People* v. *Jones*, 12 N Y 2d 1024; *People* v. *Boundy*, 10 N Y 2d 518.) Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

■ WILL GLICKMAN et al., Respondents, v. LAWRENCE N. KASHA et al., Individually and as Copartners Doing Business under the Name of KASHA-McKENNA PRODUCTIONS, Appellants.— Judgment in favor of plaintiffs affirmed, with $50 costs to respondents. Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.; Steuer, J., dissents upon the ground that the evidence is insufficient to establish that the dramatization rights were available and does establish that the agreement in suit was conditioned upon their being available